Filed: 8/21/2023 1:02 PM
Michael Gould
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 78735785

471-04845-2023

CAUSE NO. _____

| | | |
|---|---|---|
| **PRUVIT VENTURES, INC.,** | § | **IN THE DISTRICT COURT** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | \_\_\_\_ **JUDICIAL DISTRICT** |
| | § | |
| **ALEXIS BRADY,** | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | **COLLIN COUNTY, TEXAS** |

**PLAINTIFF PRUVIT VENTURES, INC.'S VERIFIED ORIGINAL PETITION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER,
TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Plaintiff, Pruvit Ventures, Inc. ("Pruvit"), and files this its Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction against Defendant Alexis Brady. In support thereof, Pruvit respectfully shows the Court the following:

**I.
DISCOVERY LEVEL AND RULE 47 STATEMENT**

1. Pruvit intends to conduct discovery under Level 3, pursuant to Rule 190.3 of the TEXAS RULES OF CIVIL PROCEDURE. Pruvit affirmatively pleads that this lawsuit is not governed by the expedited action process under Rule 169 of the TEXAS RULES OF CIVIL PROCEDURE, as Pruvit states it seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees, and for all other relief to which Pruvit may be entitled. *See* TEX. R. CIV. P. 47(c)(4), (d). As this lawsuit is at its inception and discovery has not yet been conducted, Pruvit reserves the right to modify and/or amend the foregoing statement of relief.

## II.
## PARTIES

2.    Pruvit Ventures, Inc. is a domestic corporation authorized to conduct business in the state of Texas with a principal place of business located in Collin County, Texas at 901 Sam Rayburn Hwy, Melissa, Texas 75454.

3.    Defendant Alexis Brady ("Brady") is an individual and a resident of Summit County, Colorado. Brady resides at her home address of 112 Illinois Gultch Road, Unit 8-5, Breckenridge, CO 80424, and may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as her agent for service, because Defendant Alexis Brady has engaged in business in Texas but has not designated or maintained a registered agent for service of process in Texas. TEX. CIV. PRAC. & REM. CODE § 17.044(b). Alternatively, Alexis Brady may be served at her residence located at 112 Illinois Gultch Road, Unit 8-5, Breckenridge, CO 80424.

## III.
## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the subject matter herein as the amount in controversy is within the jurisdictional limits of the Court. *See* TEX. R. CIV. P. 47(b).

5.    This Court has personal jurisdiction over Brady under the Texas Long-Arm Statute (TEX. CIV. PRAC. & REM. CODE § 17.042, et. seq.) because Defendant contracted with a Texas resident, has committed a tort, in whole or in part, against Pruvit in Texas, as described in greater detail herein. Pruvit's claims and causes of action arise out of Brady's purposeful actions directed towards Pruvit in the state of Texas. Further Brady and Pruvit contractually agreed that all disputes between the Parties are subject to Texas law and shall be resolved in Courts located in Collin County, Texas.

**PLAINTIFF PRUVIT VENTURES, INC.'S VERIFIED ORIGINAL PETITION
AND APPLICATION FOR TEMPORARY RESTRAINING ORDER,
TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION**    Page 2

6.      Venue is proper in Collin County, Texas pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICES & REMEDIES CODE as all or substantially all of the events giving rise to Pruvit's causes of action arose in Collin County and Defendant agreed to courts in Collin County, Texas. as the exclusive forum for resolution of disputes. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

## IV.
## STATEMENT OF FACTS

7.      Pruvit is a worldwide leader in ketone technology and a pioneer in selling ketone products. Pruvit is a community-based marketing company that has independent promoters, called Pruvers, that market and sell its unique products throughout the country.

8.      Over time, as senior Pruvit promoters bring in new promoters, an up-line and down-line structure is created. In many cases, Pruvit's successful Pruvers have created extensive downlines of fellow Pruvers totaling in the hundreds.

9.      Pruvit invests significant amounts of time, money, and resources into protecting its technology and the integrity of its community of representatives. When a Pruver leaves Pruvit, it can adversely affect both the compensation of other Pruvers as well as the profits of Pruvit.

10.     As part of Pruvit's business, it holds an exclusive sub-license to market ketone products that utilize BHB salts. For years, Pruvit has actively marketed and sold a product line that utilizes this ketone technology. In order to protect this license, the technology, Pruvit's customers, and its Pruvers, Pruvit requires each Pruver to agree to its Statement of Policies and Procedures (the "Pruver Agreement"). To maintain active Pruver status and to be eligible for any commissions and/or bonuses, Pruvers must agree to the terms of the current Pruver Agreement, which Brady did.

11. The Pruver Agreement, in pertinent part, prohibits a Pruver (such as Brady), during the term of the agreement and for a period of time following separation from Pruvit, from the following:

- Promoting products for other companies that compete with products offered by Pruvit;

- Recruiting Pruvit promoters and customers for any other direct sales or network marketing business;

- Engaging in discourteous, deceptive, misleading, unethical or immoral conduct and practices in connection with Pruvit and its products and services; and

- Promoting non-Pruvit products or services on the same social media site as Pruvit's products.

12. As Pruvers continue to rise within the ranks of Pruvit, they are eligible to be elevated to the Ownership Pool. With that elevation, the Pruver, such as Brady, agrees to the terms and conditions of the Promoter Ownership Pool Agreement in exchange for additional compensation ("Pool Agreement"). Under Pool Agreement, the Pruver agrees to the following:

- Promoter shall not directly or indirectly, or through an affiliate of under a contract with another entity, advertise, market, promote, accept orders for, sell, ship or distribute any products or services of any unrelated entity in the "Direct Sales/Network Marketing" space.

- Promoter further agrees that for a one (1) year period, immediately following termination of this Agreement, Promoter shall not initiate contact with, recruit, solicit, sponsor, or induce or attempt to initiate contact with, recruit, solicit, sponsor, or induce, any Company customer or Promoter to leave the Company, cease being a customer or Promoter of Company, or participate in or become a Promoter or distributor of any other company, including without limitation Promotor's business ventures.

- Promoter further agrees not to disparage Pruvit.

- Promoter further agrees that during the term of the Agreement and one (1) year period, immediately following termination of this Agreement, Promoter shall

breached section 12 of the Pool Agreement where Brady agreed that she would not initiate contact with, recruit, solicit, sponsor, or attempt to initiate contact with any customer or promoter of Pruvit for a year after her termination. Defendant is aggressively recruiting Pruvit's customers and promoters in further violation of her contractual obligations to Pruvit. Defendant Brady engaged in this conduct prior to and after the termination of her promoter relationships with Pruvit.

17. Defendant has recruited current Pruvers to join Competitors via Facebook posts, Milkshake, Instagram, text messages, and personal interactions. Defendant's various online and social media accounts are replete with examples of such breaches. Defendant has posted videos promoting Competitors over Pruvit and invited current Pruvers to participate and comment. For example:



Alexis Brady
May 11

**Who wants to check out my FREE ebook to learn how to get started in Affiliate Marketing & generate true passive income in 1-2 hours a day?! 👀**

64   141 comments

19. Defendant is aware that the individuals she is recruiting away from Pruvit are

subject to and bound by non-competition and confidentiality clauses in the Pruver Agreement and the Pool Agreement – the same contractual obligations that Defendant is bound to follow. Defendant is also bound by her Confidentiality and Non-Disclosure Agreement. Despite such knowledge and awareness, Defendant has proceeded to actively solicit other Pruvers and encourage them to leave Pruvit and purchase and sell competing products.

20. Pruvit recently became aware of Defendant's improper and malicious efforts because some Pruvers have rebuffed Defendant. The full breadth of Defendant's misconduct is unknown.

21. Defendant's conduct constitutes a breach of the Pruver Agreement, the Pool Agreement and the Confidentiality and Non-Disclosure Agreement. Defendant's conduct also constitutes tortious interference with Plaintiff's contracts, specifically the agreements with Plaintiff's Pruvers and its current and future customers. There is also a reasonable probability Pruvit would have recruited and contracted with more Pruvers and customers had Defendant not breached her contractual obligations.

22. Discovery of Competitors' distributor and customer lists is expected to reveal Pruvers and Pruvit customers who were not only recruited, but left Pruvit, and joined Competitors due to Defendant's improper conduct. Pruvit also anticipates that upon the completion of its investigation, additional entities and/or individuals will be identified to have participated or conspired with Defendant in the misconduct made a subject of this suit.

## V.
## CAUSES OF ACTION

23. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

## COUNT 1--BREACH OF CONTRACT

24. Pruvit and Defendant entered into the above-referenced Pruver Agreement, Pool Agreement and the Confidentiality and Non-Disclosure Agreement. The Pruver Agreement and Pool Agreement specifically provide, in pertinent part, that Defendant is not to: (1) promote products for other companies that compete with products offered by Pruvit; (2) solicit Pruvit promoters and customers for any other direct sales or network marketing business; (3) engage in discourteous, deceptive, misleading, unethical or immoral conduct and practices in connection with Pruvit and its products and services; and (4) promote non-Pruvit products or services on the same social media site as Pruvit's products and services. Pruvit performed under its agreements with Defendant by supplying her with services and products to sell and by giving her a platform to generate income. In the Confidentiality and Non-Disclosure Agreement, Defendant also agreed to not participate or engage with any multi-level marketing or direct selling company for one year after termination.

25. Defendant Brady has breached the Pruver Agreement, Pool Agreement and Confidentiality and Non-Disclosure Agreement, by promoting and selling competitive products, including on the same social media site as those products and services of Pruvit, and recruiting other Pruvers for her own benefit and/or that of a competitor. Defendant further breached the Agreements by promoting and selling Competitors' products to current and former Pruvers and customers of Pruvit. Pruvit expects that more breaches will be revealed through discovery in this case.

26. As a result of these breaches, Pruvit has suffered harm, and will continue to suffer actual damage or loss, including lost profits, loss of good will and harm to customer relationships, and loss of future contracts and business prospects, all for which Defendant Brady is liable.

## COUNT 2–TORTIOUS INTERFERENCE WITH EXISTING CONTRACTS

27. Pruvit was a party to valid contracts with third parties, including its Pruvers and customers.

28. Defendant Brady has willfully and intentionally interfered with those contracts by encouraging current Pruvers and customers of Pruvit to cease doing business with Pruvit. Pruvit fully expects that additional specific Pruvers and contracts will be revealed through discovery in this case. Defendant knew these third parties had contracts with Pruvit when she contacted them. Defendant's interference with Pruvit's contracts proximately caused Pruvit actual damages and losses. Moreover, Defendant's interference has caused, and continued to cause, disruption to Pruvit's business.

## COUNT 3– TORTIOUS INTERFERENCE WITH PROSPECTIVE RELATIONS

29. Additionally, there was a reasonable probability that Pruvit would have entered into contracts with Pruvers and customers, had Defendant Brady not intentionally interfered with the formation of those relationships. Defendant Brady intentionally interfered with those relationships. Defendant's interference with Pruvit's prospective contracts proximately caused Pruvit actual damages and losses, including loss of those contracts and sales generated therefrom. Moreover, Defendant Brady's interference has caused, and continues to cause, disruption to Pruvit's business.

## VI.
## APPLICATION FOR TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, AND PERMANENT INJUNCTION

30. The factual allegations set forth in the foregoing paragraphs are incorporated herein by reference for all purposes as if set forth in full:

31. Pruvit's Application for Temporary Restraining Order and Temporary Injunction is authorized by Sections 65.011(2) and (3) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

32. Pruvit is likely to suffer permanent and irreparable harm if an injunction is not entered. There is no other adequate remedy at law and Pruvit seeks the equitable intervention of this Court. Therefore, for the foregoing reasons as stated above in this Petition, Pruvit requests the Court issue a Temporary Restraining Order and Temporary Injunction immediately restraining and enjoining the conduct outlined in the preceding paragraphs.

33. **Conduct to be Restrained.** In order to preserve the status quo pending the final trial on the merits of this case, Pruvit asks this Court to issue a Temporary Restraining Order and Temporary Injunction to restrain and enjoin Defendant Brady, both directly and indirectly, as well as her respective agents, employees, servants, attorneys, representatives, affiliates, entities, successors, and assigns, and any and all other persons and entities under their control and/or direction, or acting in active concert and participation with them, from engaging in any of the following:

   a. Inducing, in any manner, any existing customer of Pruvit to terminate his/her/its business relationship with Pruvit;

   b. Inducing, in any manner, any existing promoter of Pruvit to terminate his/her/its business relationship with Pruvit;

   c. Inducing, in any manner, any existing promoter of Pruvit to violate or breach the terms of his/her/its Pruver Agreement;

   d. Directly or indirectly recruiting, in any manner, any other Pruvit promoters and customers for any other direct sales or network marketing business;

   e. Promoting, in any manner, non-Pruvit products or services on any social media sites or platforms used to promote Pruvit's products previously;

   f. Directly or indirectly disclosing or otherwise using, in any manner, any confidential and/or proprietary information relating to Pruvit or any of its products and services;

   g. Promoting or marketing Competitors' products, to existing customers and promoters of Pruvit; and

    h.  Making and/or publishing false or misleading claims about Pruvit's products.

34.  **Plaintiff is Likely to Succeed on the Merits.** Pruvit has a probable right to relief upon final hearing. In particular, Pruvit will present evidence of Defendant Brady's breach of and interference with contracts and evidence of causation and the extent of Pruvit's damages.

35.  **Harm to Plaintiff is Imminent and Irreparable.** Harm to Pruvit is imminent and irreparable. Defendant Brady's conduct is ongoing and has caused and will continue to cause irreparable harm to Pruvit. The damage to Pruvit's reputation and that of its products, as well as the continuing disruption caused by Defendant Brady to Pruvit's business is immeasurable. Moreover, so long as Defendant Brady's conduct continues, it will be impossible to identify and calculate the extent of the harm to Pruvit and quantify Pruvit's damages.

36.  **No Adequate Remedy at Law.** In the absence of injunctive relief, Pruvit has no adequate remedy at law. Breach of non-compete, non-disclosure, and non-solicitation agreements is the epitome of irreparable harm justifying injunctive relief. Further, Defendant is not a Texas resident and upon information and belief lacks property or assets in Texas sufficient to satisfy a judgment for damages. It is essential that the Court immediately restrain Defendant Brady from continuing the conduct described herein. Pruvit is willing to post a bond in accordance with TEX. R. CIV. P. 684.

37.  **Hearing.** In compliance with the TEXAS RULES OF CIVIL PROCEDURE, Pruvit is entitled to a hearing providing the relief requested above to give it an opportunity to be heard by the Court. Pruvit requests that the Court set a hearing to consider whether temporary injunctive relief should be granted pending a trial on the merits.

38. **Permanent Injunctive Relief.** Pruvit further pleads for a permanent injunction, enjoining Defendant Brady from engaging in the above acts for the appropriate time period as agreed by the parties, following a trial of this cause.

## VII.
## CONDITIONS PRECEDENT

39. All conditions precedent to Pruvit's right to bring the above causes of action, and for recovery requested herein, have been performed, excused, or otherwise already occurred.

## VIII.
## EXEMPLARY DAMAGES

40. Pruvit is entitled to exemplary damages for Defendant Brady's intentional conduct, because such acts were committed with that level of mental culpability for which Texas law allows a jury to impose punitive damages. Pruvit seeks an award of such damages.

## IX.
## ATTORNEY FEES

41. Pruvit seeks the recovery of attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001.

## X.
## PRAYER

40. Pruvit therefore requests that Defendant Alexis Brady be cited to appear and answer, and that upon final hearing, Pruvit be awarded the following:

(1) A Temporary Restraining Order, Temporary Injunction, and Permanent Injunction be issued restraining and enjoining Defendant Brady, both directly and indirectly, as well as her respective agents, employees, servants, attorneys, representatives, affiliates, entities, successors, and assigns, and any and all other persons and entities under their control and/or direction, or acting in active concert and participation with them, from the conduct described herein;

(2) Pruvit be granted judgment against Defendant Alexis Brady for damages within the jurisdictional limits of this Court;

(3) Defendant Alexis Brady be disgorged of any profits obtained because of the subject breaches and improper conduct referenced herein;

(4) Pruvit be granted judgment against Defendant Alexis Brady for exemplary damages within the jurisdictional limits of this Court;

(5) Pruvit be granted judgment against Defendant Alexis Brady for reasonable and necessary attorney's fees, costs of suit, and pre- and post-judgment interest; and

(6) Pruvit be granted such other relief, at law or in equity, as is just and proper.

Respectfully submitted,

**SCHEEF & STONE, LLP**

*/s/ Byron K. Henry*

**BYRON K. HENRY**
State Bar No. 24008909
byron.henry@solidcounsel.com
**KELLY E. KLEIST**
State Bar No. 24046229
kelly.kleist@solidcounsel.com
2600 Network Blvd., Suite 400
Frisco, Texas 75034
Tel.:   (214) 472-2100
Fax:   (214) 472-2150

**ATTORNEYS FOR PLAINTIFF
PRUVIT VENTURES, INC.**

## VERIFICATION

**STATE OF TEXAS**  §
§
**COUNTY OF COLLIN**  §

Before me, the undersigned Notary Public, on this day personally appeared Jenifer Grace, who, after being duly sworn, stated under oath that she is the Chief Legal Officer for Pruvit Ventures, Inc., that she has read Plaintiff Pruvit Ventures, Inc.'s Verified Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the "Application"), and that she is authorized to make this verification and apply for injunctive relief. Jenifer Grace further stated that every statement of fact contained in the Statement of Facts (Paragraphs 7-22), along with the excerpted post in paragraphs 13 and 18, are, upon information and belief, true and correct.

Jenifer Grace, Chief Legal Officer
Pruvit Ventures, Inc.

**SUBSCRIBED AND SWORN TO BEFORE ME** on the 21st day of August, 2023, to certify which witness my hand and official seal.



KARI STANISH
Notary Public, State of Texas
Comm. Expires 03-30-2024
Notary ID 128939336

Notary Public for the State of Texas